UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WILTHA Z. BROWN, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| v. | ) | Case No. 1:24-cv-294 |
| KASHA BANKSTON, DEMETRIUS BROWN, NICOLE EVANS, THOMAS MCNEILL, and AMANDA DUNN, | ) | Judge Travis R. McDonough |
| | ) | Magistrate Judge Susan K. Lee |
| *Defendants*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a Hamilton County Jail inmate, filed a complaint for violation of 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). The Court will address Plaintiff's motion (i*d.*) before screening her complaint (Doc. 2).

### I. FILING FEE

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) that she lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. §

1915(b)(1)(A) and (B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy.  This document shall be placed in Plaintiff's prison file and follow her if she is transferred to another correctional institution.

## II.     SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived her of a federal right. 42 U.S.C. § 1983.

**B.     Background**

In her complaint, Plaintiff claims that Defendant Kasha Bankston "filed charges on [her] and committed perjury in the court[]house of law." (Doc. 2, at 3, 4.) Plaintiff also asserts that Defendants Kasha Bankston and Demetrius Brown prevented her from receiving her mail at her old address, stole her credit cards, and committed both "fraud and bank account fraud." (*Id.* at 4.) Plaintiff then states that "[she] was never informed of [her] *Miranda* rights." (*Id.*) Plaintiff additionally claims that she has been shot seven times, still has a bullet in her head, and cannot get proper treatment while she is incarcerated. (*Id.* at 4–5.)

Plaintiff requests release from her confinement due to "real danger" to her health while she is incarcerated and/or some other form of release or relief. (*Id.*) Plaintiff also states that she did not commit the crimes with which she is charged and requests "court cost[s], pain and suffering[,] and loss of [her] pay while incarcerated." (*Id.*) Plaintiff has sued Kasha Bankston, Demetrius Brown, Nicole Evans, Thomas McNeill, and Amanda Dunn. (*Id.* at 1, 3.)

3

Plaintiff previously filed a similar lawsuit with this Court. *Brown v. State of Tennessee, et al.*, No. 1:24-CV-65 (E.D. Tenn. Feb 29, 2024). The Court summarized Plaintiff's complaint and amended complaint in her prior lawsuit as follows:

> In her original complaint (Doc. 11), Plaintiff sued Defendants Erlanger Nurse Kasha Brown and Demetrius Brown (*id.* at 1, 3). Plaintiff alleged that the victim (presumably Defendant Kasha Brown) lied under oath and caused false charges against her (*id.* at 3–4), and that the victim and her brother (presumably Defendant Demetrius Brown), kept her from getting mail so that they could commit fraud (*id.* at 4). As relief, Plaintiff sought only dismissal of the criminal case against her (*id.* at 5).
>
> Plaintiff subsequently filed a document that the Court construes as an amended complaint (Doc. 16). In this amended complaint, Plaintiff sues Erlanger Nurse Kasha Brown, Police Officer Thomas McNeill, Judge Gary Starnes, District Attorney Amanda Dunn, and Deputy Court Clerk K. Smith (*id.* at 2–3). In the substantive portion of her amended complaint, Plaintiff first states that she seeks relief for violation of her *Miranda* rights and for claims of false arrest and false imprisonment (*id.* at 3). She then asserts that Defendant McNeill never read her *Miranda* rights to her, "never inquired about the situation," and "made a false arrest" (*id.* at 4). Plaintiff further alleges that her "bond was set way to[o] high," neither the clerk's office nor the judge will respond to her bond reduction motion, the courts deny all of her motions, she is imprisoned on false charges, she "was arrested for no reason," no one ever read her *Miranda* rights to her, and the "so[-]called victim" lied under oath in court. (*Id.* at 4–6.) Plaintiff also states that she has suffered mental stress and emotional scarring due to these events. (*Id.* at 6.) As relief, Plaintiff seeks dismissal of the criminal charges against her, release from county jail, arrest of the victim for perjury, a reasonable bond, a "true bill or no bill[] indictment," and GPS monitoring. (*Id.*)

Doc. 19, at 3–4 in Case No. 1:24-cv-65. This Court dismissed Plaintiff's prior lawsuit because the complaint and amended complaint failed to state a claim upon which relief may be granted under § 1983. *Id.* at 5–6.

### C. Analysis

#### 1. Kasha Bankston and Demetrius Brown

First, as Plaintiff's claims in this action against Kasha Bankston are substantively identical to claims that Plaintiff brought against Kasha Brown in her previous lawsuit, it appears

4

that Kasha Brown and Kasha Bankston are the same person. Regardless, however, Plaintiff's complaint fails to allege any facts from which the Court can plausibly infer that Kasha Bankston or Demetrius Brown took any action alleged in the complaint under color of state law, as required for the complaint to state a plausible claim for violation of § 1983 against them. 42 U.S.C. § 1983 (requiring a plaintiff to establish that a person acting under color of state law deprived her of a federal right); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982) (setting forth the three tests for determining whether a defendant is a state actor subject to liability under § 1983).

As such, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants.

### 2. Personal Involvement

Next, while Plaintiff alleges that she was not read her *Miranda* rights, was shot in the head, and cannot get proper treatment while confined, she does not connect these allegations to any Defendant. (Doc. 1, at 4–5.) Plaintiff also named Nicole Evans, Thomas McNeill, and Amanda Dunn as Defendants but fails to provide any facts from which the Court can plausibly infer that they were personally involved in any incident in the complaint. Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 regarding these allegations and against these Defendants. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

5

### 3. Res Judicata

Additionally, in this action, it is apparent that Plaintiff brings some claims that she brought or could have brought in her previous lawsuit that the Court dismissed, and that those claims arise out of the same occurrences underlying her prior lawsuit and are against the same parties. However, such claims are barred by the doctrine of res judicata.

The doctrine of res judicata prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). It consists of two related concepts: claim preclusion and issue preclusion. *Taylor v. Reynolds*, 22 F. App'x 537, 538–39 (6th Cir. 2001).

The Sixth Circuit has explained the doctrine as follows:

> Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.

*Taylor*, 22 F. App'x at 538–39 (internal citation and citation omitted); *see also, e.g., Doe ex rel. Doe v. Jackson Local Schools School Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (noting that claim preclusion requires "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action") (citation omitted); *Vincent v. Warren Cnty., Ky.*, 629 F. App'x 735, 740 (6th Cir. 2015) (noting that, for issue preclusion to apply, "the issue raised in the second case must

have been raised, actually litigated and decided, and necessary to the court's judgment in the first case").

Accordingly, to the extent Plaintiff raises the same claims in this action that she brought or could have brought in her previous action that the Court dismissed for failure to state a claim upon which relief may be granted under § 1983, such claims arise out of the same occurrences underlying her prior lawsuit, and Plaintiff brings the claims against the same parties, those claims are subject to dismissal on the grounds of res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) (noting that dismissal for failure to state a claim upon which relief may be granted qualifies as a decision on the merits); *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding party cannot relitigate essential issues that were actually adjudicated in a prior case involving a party to that case).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. As Plaintiff has failed to state a claim upon which relief may be granted under § 1983, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**